IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALICIA WHITE, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No.: |
| MARILYN MOSBY, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \*

**NOTICE OF REMOVAL**

Defendant, the State of Maryland ("the State"), by its undersigned counsel, hereby gives notice, pursuant to 28 U.S.C. §§ 1441 and 1446, of the removal of the matter pending in the Circuit Court for Baltimore City captioned *Alicia White, et al. v. Marilyn Mosby, et al.* (Case No. 24-C-16-002600). As required by 28 U.S.C. § 1441(a), "a short and plain statement of the grounds for removal" follows:

1.  This matter is a civil action pending in the Circuit Court for Baltimore City. It is brought by two Baltimore City police officers who, along with four other officers, were arrested and charged on May 1, 2015, for crimes they are alleged to have committed in relation to the Baltimore City Police Department's April 12, 2015 arrest, detention, and transportation of Freddie Carlos Gray, Jr.[1]

---

[1] The criminal charges against the two Plaintiffs have not yet been fully adjudicated. Officer Porter was tried this past winter, but the proceeding ended in a mistrial, and a new trial date is now set for September 6, 2016. Officer White's trial is scheduled to begin on October 13, 2016.

2. On May 2, 2016, Plaintiffs initiated this matter by filing a paper titled "Complaint & Jury Demand" in the Circuit Court for Baltimore City. In that pleading, Plaintiffs bring suit against the State, Baltimore City State's Attorney Marilyn Mosby, and Major Samuel Cogen of the Baltimore City Sheriff's Office based on purported deprivations Plaintiffs allege they sustained when they were arrested and charged on May 1, 2015.

3. On June 24, 2016, Plaintiffs filed a "First-Amended Complaint & Jury Demand."

4. On June 27, 2016, Plaintiffs served their original and amended pleadings on the State. Pursuant to Local Rule 103.5.a., true and legible copies of those documents and all other items served with them on June 27, 2016, are attached as Exhibit 1.

5. In their pleading, as amended, Plaintiffs bring one federal and nine State causes of action. The ten Counts set forth in the pleading, their titled causes, and the named Defendant in each are:

    I    "Defamation" against the State;

    II    "Defamation (Malice in the Alternative)" against State's Attorney Mosby and Maj. Cogan;

    III    "Invasion of Privacy: False Light" against the State;

    IV    "Invasion of Privacy: False Light (Malice in the Alternative)" against State's Attorney Mosby and Maj. Cogan;

    V    "False Arrest" against the State;

    VI    "False Arrest (Actual Malice in the Alternative)" against State's Attorney Mosby and Maj. Cogan;

  VII  "False Imprisonment" against the State;

  VIII  "False Imprisonment (Malice in the Alternative)" against State's Attorney Mosby and Maj. Cogan;

  IX  "Maryland Declaration of Rights (Article 24 & 26)" against State's Attorney Mosby and Maj. Cogan; and

  X  "Violation of Rights Secured under 42 U.S. Code § 1983 against State's Attorney Mosby and Maj. Cogan.[2]

(1st Am. Compl. ¶¶ 86-186.)

6. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction [] may be removed by the defendant or the defendants [] to the district court of the United States for the district and division embracing the place where such action is pending."

8. Pursuant to 28 U.S.C. § 1367(a), in addition to having original jurisdiction over federal claims, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

---

[2] In Count X, Plaintiffs allege that State's Attorney Mosby and Maj. Cogan violated their rights under the 4th and 14th Amendments. (1st Am. Compl. ¶ 175.)

9. This Court has original jurisdiction over the claims asserted under 42 U.S.C. § 1983 in Counts X of Plaintiffs' First Amended Complaint. This Court also has supplemental jurisdiction over that pleading's State law claims because they are so related to the federal claims that they form the same case or controversy, as all of Plaintiffs' claims are based on allegations that they were wrongfully charged and arrested on May 1, 2015.[3]

10. Pursuant to 28 U.S.C. § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading ...." Here, the instant Notice is timely because it is being filed by the State within thirty (30) days of the June 27, 2016 service referenced above in ¶ 4.

11. Pursuant to 28 U.S.C. § 1441(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

12. State's Attorney Mosby has been served in this case and is now represented by undersigned. As reflected in Exhibit 2, State's Attorney Mosby consents to the State's removal of this action to this Court.

---

[3] For the Court's information, three of the four other police officers that were charged on May 1, 2015, have also sued State's Attorney Mosby and Maj. Cogan, essentially for the same purported deprivations as those alleged by Plaintiffs in their amended pleading. The three officers' claims are currently pending before this Court in the matters captioned *Edward Michael Nero, et al. v. Marilyn Mosby, et al.* (Civil No. 1:16-cv-01288-MJG) and *Brian Scott Rice v. Marilyn Mosby, et al.* (Civil No. 1:16-cv-01304-JKB).

13. Maj. Cogan has also been served in this case and is now represented by the Baltimore City Department of Law. As reflected in Exhibit 3, Maj. Cogan too consents to the State's removal of this action to this Court.

14. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, along with a Notice of Filing Notice of Removal, is being filed promptly with the Circuit Court for Baltimore City.

WHEREFORE, based on the foregoing, the State respectfully requests that this Court accept its Notice of Removal and remove the above-captioned matter from the Circuit Court for Baltimore City to this Court.[4]

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland

KARL A. POTHIER
Assistant Attorney General
Bar No. 23568
120 West Fayette Street, 5th Floor
Baltimore, Maryland 21201
410-230-3135 (telephone)
410-230-3143 (facsimile)
karl.pothier@maryland.gov

ANKUSH NAYAR
Assistant Attorney General
Bar No. 29612

---

[4] By the instant removal, the State does not waive any right to assert, or the protection of, any available constitutional, statutory, common law, or other provision that may serve to limit the Court's jurisdiction over the allegations of Plaintiffs' current pleading or any subsequent amendment thereto.

>200 St. Paul Place
>Baltimore, Maryland  21202
>410-576-6424 (telephone)
>410-576-6880 (facsimile)
>anayar@oag.state.md.us

>Attorneys for the State of Maryland

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of July, 2016, a copy of the foregoing Notice of Removal was hand delivered to:

>Michael E. Glass, Esquire
>The Michael Glass Law Firm
>201 N. Charles Street, Suite 1900
>Baltimore, Maryland, 21201

>(Counsel for Plaintiffs)

>- and -

>Jason R. Foltin, Assistant Solicitor
>Sara E. Gross, Assistant Solicitor
>Baltimore City Department of Law
>100 N. Holliday Street
>Baltimore, MD 21202

>(Counsel for Defendant Cogen)

>_____
>KARL A. POTHIER
>Assistant Attorney General