UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| ALICIA WHITE, | ) |
| and | ) |
| WILLIAM PORTER | ) |
| Plaintiffs, | ) |
| vs. | ) Civil No.: MJG-16-2663 |
| MARILYN MOSBY | ) |
| and | ) |
| MAJOR SAMUEL COGEN, | ) |
| and | ) |
| STATE OF MARYLAND | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' SURREPLY ADDRESSING DEFENDANT COGEN'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, AND TO DEFENDANTS' REPLIES TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

Plaintiffs Alicia White and William Porter through their counsel, Michael Glass, Esquire with the Law Offices of Michael Glass and Tony N. Garcia, Esquire of Bates & Garcia LLC hereby respectfully file this Memorandum in Support of Surreply Addressing Defendant Cogen's Supplemental Memorandum in Support of Motion to Dismiss, and to Defendants' Replies to Plaintiffs' Opposition to Defendants' Motions to Dismiss, and in support state:

**Procedural Background**

Defendant Cogen had a deadline of September 8, 2016 to file a Supplementation to the initial Motion to Dismiss, pursuant to the Scheduling Order entered on August 26, 2016.

1

(Document 26.)  Defendant Cogen, however, did not file a Supplement until September 20, 2016, four days after Plaintiffs White and Porter had filed their Opposition to Motion to Dismiss (filed on September 16, 2016).  Plaintiffs file this Surreply to address Defendants late-filed Supplemental Memorandum of Law in Support of Defendant Samuel Cogen's Motion to Dismiss Plaintiffs' Second Amended Complaint (Document 41).  Plaintiffs further request filing this Surreply to address Defendants' Cogen's and Mosby's suggestion in their respective Replies that Plaintiffs have abandoned certain State law claims.

## Plaintiffs Have Not Abandoned State Law Claims

The gravamen of Defendants' arguments is that Marilyn Mosby is absolutely immune from a civil lawsuit in her role as State's Attorney or, in the alternative, that she enjoys qualified immunity.  Samuel Cogen alleges that he has qualified immunity and is therefore immune from suit.  Plaintiffs have sufficient pled facts in their Second Amended Complaint and have opposed Defendants' arguments in Defendants' Motions to Dismiss such that their Motions to Dismiss must be denied.

Defendants next assert that Plaintiffs did not specifically oppose certain State causes of action[1] and therefore abandoned them, which is patently false.   Indeed, Plaintiffs' Second Amended Complaint stands on its own and sufficiently avers a *prima facie* case for each Count.  Plaintiffs explain.

---

[1] Defendants assert Plaintiffs abandoned their State claims for False Arrest (counts V & VI), False Imprisonment (Counts VII & VIII), Articles 24 and 26 under the Maryland Declaration of Rights (Counts IX & X), Abuse of Process (Counts XI & XII), and for Civil Conspiracy (Count XIII).

## A. The Plaintiffs Have Plead a Claim for False Arrest (Counts V and VI) and False Imprisonment (Counts VII and VIII) Against Defendants Mosby, Cogen, and the State

Plaintiffs pled the elements for false arrest: the occurrence of an intentional, unlawful restraint or detention of an individual by another, thereby depriving the detained individual of his or her freedom of movement. *Great Atl. & Pac. Tea Co. v. Paul*, 256 Md. 643 (1970); *Gray v. Maryland*, 228 F. Supp. 2d 628 (D. Md. 2002). Under Maryland law, false arrest does not require a formal arrest. Rather, false arrest depends on the defendant's manifest intent to take the plaintiff into custody and subject the plaintiff to the defendant's control. *See Cooper v. Dyke*, 814 F.2d 941 (4th Cir. 1987). Lack of probable cause for the arrest is not an element of the tort. *Clarke v. District of Columbia,* 311 A.2d 508 (D.C. App. 1973). The existence of probable cause, if any, must be raised and proven by the defendants as an affirmative defense. A complaint for false imprisonment must allege a deprivation of personal liberty without consent and without legal justification. *Montgomery Ward v. Wilson*, 339 Md. 701 (1995). Although false imprisonment is a separate cause of action from false arrest, these torts share the same elements and thus the analysis in this motion is the same.

If a law enforcement officer or other public official acts is alleged to have acted with actual malice and engaged in conduct outside the scope of their official duties, the public officer making the arrest may be held liable for false arrest (or false imprisonment) and is therefore not immune to civil suit. *See Tinch v. United States,* 189 F. Supp 2d 313 (D. Md. 2002); *see also Lovelace v. Anderson*, 366 Md. 690 (2001) (public official immunity is not a defense to intentional torts). If however the public official acts negligently in making a false arrest, the official's "public official immunity" does not extend to the public official's governmental employer, and "employer can be held liable, under the doctrine of respondeat superior, for the official's negligence occurring in the

scope of employment even though the official may be entitled to immunity." *Lovelace v. Anderson*, 366 Md. 690 (2001) (internal citations omitted). Here, malice is plead in the alternative and thus Plaintiffs' counts should not be dismissed.

**B. The Plaintiffs Have Plead a Claim for Deprivations Under Articles 24 and 26 of the Maryland Declaration of Rights and the Fourth and Fourteenth Amendments (Counts IX and X) Against Defendants Mosby, Cogen, and the State**

The elements for a 42 USC §1983 federal cause of action are essentially the same as the State claims under Articles 24 and 26 of the Maryland Declaration of Rights, have been specifically pled in Plaintiffs' Second Amended Complaint, and Defendants' motion to dismiss the 1983 action was specifically opposed in Plaintiffs' Opposition. Those arguments equally apply to the Maryland Declaration of Rights Claims (Counts IX and X).

To specifically address the State causes of action, a common law action for damages may be brought to enforce a deprivation of liberty or property under Article 24 or Article 26 of the Maryland Declaration of Rights. *Ashton v. Brown*, 339 Md. 70 (1995). Articles 24 and 26 are specifically designed to protect citizens against certain actions by public officials. *Clea v. Mayor & City* Council, 312 Md. 662 (1988). A public official who violates a plaintiff's constitutional rights is entitled to no immunity, under the State law, and is personally liable for compensatory damages. Plaintiffs have specifically pled the necessary elements: (1) that the defendant engaged in activity that violated a right protected under the Maryland Constitution; and (2) that the defendant engaged in such activity with actual malice towards the plaintiff. *See Davis v. DiPino*, 99 Md. App. 282 (1994).

1. <u>Defendants' engaged in activity that violated Plaintiffs' rights protected under the Maryland Constitution</u>

Plaintiffs plead in detail that Defendants Cogen and Mosby, each public officials, that violated Plaintiffs' constitutional rights. The activities include but are not limited to: making false

4

statements in the Statement of Charges; improper influence on the Medical Examiner regarding Mr. Gray's cause of death; false statements to the public; false statements to the grand jury; violating the duties and functions of their respective offices; making numerous false statements about the Plaintiffs' conduct during the underlying arrest; imposing legal duties on Plaintiffs that did not exist; and concealing key exculpatory information from witnesses with personal knowledge - all this done for the illegal purposes of manipulating evidence to facilitate an indictment (with the knowledge that there was in fact no probable cause), and with the ulterior motives of quelling riots, satisfying public sentiment, and achieving personal gain. ¶¶ 69-71, 75-115.

The aforementioned activities by Defendants directly resulted in the Plaintiffs being arrested, imprisoned, criminally charged, and subjected to search and seizure without justification and without the due process afforded them by Maryland Declaration of Rights, Articles 24 and 26. *See Complaint* ¶¶ 8, 42 (Plaintiffs Alicia White and William Porter were wrongfully arrested and imprisoned on May 1, 2015 for their involvement in the legal arrest of Freddie Gray). Plaintiffs further allege that they were arrested and processed at Baltimore City's Central Booking Intake Center for several hours, during which time they were deprived of their liberty and held against their will. *Id.* ¶ 71.

Plaintiffs also plead a lengthy and detailed set of facts that establish the wrongful events of April 12, 2015, *Id.* ¶¶ 8-65, and that facts were known to, but maliciously ignored and concealed by, Defendants Cogen and Mosby. As plead, the unlawful nature of Plaintiffs' arrest and detention include lack of probable to charge Plaintiff White with manslaughter, involuntary manslaughter, second degree assault, and misconduct in office, and Plaintiff Porter with involuntary manslaughter, assault in the second degree, and misconduct in office, which precipitated the arrests and detention. *Id.* ¶ 68.

2. <u>Defendants' engaged in such activity with malice</u>

Actual malice, and that Defendants recklessly disregarded the truth, have been specifically plead and are issues for the jury. *See Montgomery Ward v. Wilson*, 339 Md. 701, 717 (1995) (jury is entitled to believe plaintiffs witnesses and disbelieve Defendants witnesses on whether malice existed). Moreover, malice may be "proven by inference from a lack of probable cause." *Id*. Plaintiffs' allegations about their involvement with Mr. Gray and allegations regarding the activities of the Defendants clearly aver there was no probable cause in this instance. *Complaint* ¶¶ 8-65. Under applicable law, the lack of probable cause may give rise to an inference of malice, sufficient to carry the question to the jury. *Exxon Corp. v. Kelly*, 281 Md. 689, 700 (1978)). Accordingly, Counts IX and X are sufficiently plead and defeat Defendants' motions to dismiss.

**C. The Plaintiffs Have Plead a Claim For Abuse of Process (Counts XI and XII) Against Defendants Mosby, Cogen, and the State**

Plaintiffs have specifically pled a *prima facie* case for abuse of process, that defendants: (1) willfully used process for an illegal or improper purpose to satisfy an ulterior motive, *Complaint* ¶ 69-115.; and (2) plaintiffs were damaged as a result of the abuse of process. *Inlet Assocs. v. Harrison Inn Inlet, Inc.*, 324 Md. 254 (1991). The tort of abuse of process occurs when a party has willfully misused criminal or civil process after it has issued in order to obtain a result not contemplated by law. *Krashes v. White*, 275 Md. 549 (1975). It is not necessary to allege that the proceeding terminated in favor of the plaintiff, that the defendant lacked probable cause, or acted with malice. *See One Thousand Fleet Ltd. Partnership v. Guerriero*, 346 Md. 29 (1997).

Defendants' motives are revealed by Ms. Mosby's politically charged rhetoric at her press conference to the "people of Baltimore and demonstrators across America," *Id*. ¶ 82, that she heard their calls for "No justice, no peace," and that they are "at the forefront of this case and as young people, our time is now." *Id*. ¶ 82-84. Plaintiffs have clearly alleged that Defendants' sought to

pacify protestors rather than prosecute a case based on probable cause against the officers. Moreover, Defendants sought to use the prosecution to effectuate legislative change and social justice at the expense of the Plaintiffs for whom there was no probable cause to suspect criminal activity. *See* ¶ 232. Based on the foregoing, Plaintiffs state a claim for abuse of process and Defendants' respective motions to dismiss must be denied.

### D. The Plaintiffs Have Plead a Claim for Civil Conspiracy (Counts XIII) Against Defendants Mosby, Cogen, and the State

Plaintiffs specifically pled the elements for civil conspiracy: (1) the existence of a confederation of two or more persons by agreement or understanding; (2) the occurrence of unlawful or tortious acts done in furtherance of the conspiracy, or use of unlawful or tortious means to accomplish an act not in itself illegal; and (3) actual legal damage resulting to the plaintiff. *Von Royen v. Lacey*, 262 Md. 94 (1971). To prove an unlawful act, it is not necessary to show that the act was criminal. *Columbia Real Estate Title Ins. Co. v. Caruso*, 39 Md. App. 282, 288 (1978). An unlawful act, as employed in a civil conspiracy context, connotes a tort or other actionable wrong. *Id*. at 289. A conspiracy may be proved by circumstantial evidence. *Daughtery v. Kessler*, 264 Md. 281 (1972). Accordingly, a "conspiracy may be shown by inferences drawn from the nature of the acts complained of, the individual and collective interests of the alleged conspirators, the situation and relation of the parties, their motives and all the surrounding circumstances preceding and attending the culmination of the common design." *Id*. at 292.

Plaintiffs pled that on May 1, 2015 Defendant Mosby and her agents conspired with Defendant Cogen to work jointly to have Cogen swear out an application for an arrest warrant before a Baltimore City District Court Commissioner for the arrest of Plaintiffs. *Complaint* ¶ 235-239. At the time Defendants Cogen and Mosby filed the Application, Plaintiffs alleged that Defendants knew that no probable cause existed supporting that Plaintiffs had committed a crime.

*Complaint* ¶ 236, and that Defendants filed the false charges to pursue an improper political agenda by abusing the judicial system. *Id*. at 236-237.

Defendants only defense is that Plaintiffs "do not articulate the tort that serves as the basis for their civil conspiracy claim, and for that reason alone their claim should be dismissed." *State of Maryland and Mosby Supplemental Memorandum in Support of Motion to Dismiss* at 9 and *Cogen Supplemental Memorandum in Support of Motion to Dismiss* at 5. Of course, Defendants ignore that Plaintiffs have alleged thirteen separate claims against the Defendants, each of which would constitute the tort necessary for stating a claim. Given the obvious allegations of tortious behavior against the Defendants, Defendants' respective motions to dismiss Count XIII must be denied.

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court grant Plaintiff's motion and such other relief as justice may require.

Date: October 7, 2016

Respectfully submitted,

| /s/ | /s/ |
|---|---|
| Michael Glass, MBA, Esq. | Tony Garcia, Esq. |
| The Michael Glass Law Firm | Bates & Gacia, LLC |
| 201 N. Charles Street, Suite 1900 | 201 N. Charles Street, Suite 1900 |
| Baltimore, Maryland 21201 | Baltimore, Maryland 21201 |
| (410) 779-0600; Fax: (410) 814-4604 | (410) 814-4600; Fax: (410) 814-4604 |
| mglass@mglasslaw.com | tony@batesgarcia.com |
| *Attorneys for Alicia White & William Porter* | *Attorneys for Alicia White & William Porter* |

# CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on this 10th day of October 2016 the Plaintiffs Surreply Supplementing Plaintiff's Opposition to Defendant Mosby and Defendant Cogen's Motion to Dismiss was served in accordance with CM/ECF system established by the United States District Court for the District of Maryland or by first-class mail, postage pre-paid, on:

Jason R. Foltin, Assistant Solicitor
Sara E. Gross, Assistant Solicitor
Baltimore City Dept. of Law
100 N. Holliday St.
Baltimore, MD 21202
(410) 396-4431
jason.Foltin@baltimorecity.gov
sara.gross@baltimorecity.gov

*Attorneys for Defendant Major Cogen*

Karl A. Pothier, Assistant Attorney General
120 West Fayette St., 5th Floor
Baltimore, MD 21201
410-230-3135
karl.pothier@maryland.gov

*Attorneys for Defendant Marilyn Mosby*

Ankush Nayar, Assistant Attorney General
St. Paul Plaza – 19th Floor
200 St. Paul Place
Baltimore, MD 21202
410-576-6424
anayar@aog.state.md.us

*Attorneys for Defendant Marilyn Mosby*

/s/
Michael Glass, MBA, Esq.